```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


BO KNORR                                        CIVIL ACTION

VERSUS                                          NO: 04-3208

DILLARD'S STORE SERVICES,                       SECTION: "R"(2)
INC. AND ABC INSURANCE
COMPANY
```

**ORDER AND REASONS**

Plaintiff Bo Knorr moves to continue the trial date scheduled in this matter. Defendant Dillard's Store Services opposes the motion. For the following reasons, the Court GRANTS plaintiff's motion to continue.

Plaintiff alleges that he was bitten by a brown recluse spider while trying on a pair of jeans at defendant's store in the Oakwood Shopping Center in Gretna, Louisiana. On October 1, 2004, plaintiff sued defendant in state court, alleging that defendant negligently failed to take sufficient action to prevent the spider bite. Defendant removed the matter to this Court on November 23, 2004. On June 21, 2005, defendant moved for summary

judgment on plaintiff's claim, arguing that plaintiff cannot raise a genuine issue of material fact as to whether protecting plaintiff from spider bites is within the scope of its duty.

The current trial date on plaintiff's personal injury claim in this matter is August 29, 2005.  On May 31, 2005, defendant disclosed that it has a contract with Orkin Exterminating Company for the elimination of pests, but defendant was unable at that time to obtain and produce the contract.  On July 18, 2005, after moving for summary judgment, defendant produced the contract with Orkin, which covers extermination of "occasional invaders including but not limited to, centipedes, millipedes, spiders, paper wasps and silver fish."  (Def.'s Supp. Mot. Summ. J., Ex. F).  Plaintiff now requests that the Court continue trial "so that the Plaintiff may add Orkin as an additional Defendant and conduct additional discovery regarding the alleged services for 'occasional invaders' such as spiders."  (Pl.'s Mot. to Continue Trial at 2).

Under Federal Rule of Civil Procedure 16(b), scheduling deadlines may be modified upon a showing of good cause.  FED. R. CIV. P. 16(b).  The Court finds that plaintiff has shown good cause for a continuance.  It is true that plaintiff should have been more diligent in pursuing discovery earlier so that last-minute disclosures would not provoke a continuance motion.

Nevertheless, a brief continuance permits the plaintiff to litigate all of his claims arising from this incident in the same case, which is clearly more efficient.  Dillard's is not prejudiced by the delay, and the court can still decide Dillard's summary judgment motion even if the case is continued.

Accordingly, plaintiff's motion to continue the trial date is GRANTED, but the trial must be schedule within 120 days of August 29, 2005.

New Orleans, Louisiana, this __3rd__ day of August, 2005.


_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT