UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


BO KNORR                                    CIVIL ACTION


VERSUS                                      NO: 04-3208


DILLARD'S STORE SERVICES,                   SECTION: "R"(2)
INC. AND ABC INSURANCE
COMPANY


### ORDER AND REASONS

Defendant Dillard's Store Services, Inc. moves to strike several of plaintiff's witnesses and also moves for summary judgment dismissing plaintiff Bo Knorr's claims against it. Plaintiff opposes all of defendant's motions.  For the following reasons, the Court DENIES defendant's motions to strike and also DENIES defendant's motion for summary judgment.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2003, plaintiff Bo Knorr was shopping in defendant's store in the Oakwood Shopping Center in Gretna, Louisiana.  As plaintiff tried on a pair of pants in defendant's dressing room, he felt a sharp pain in his left leg that was allegedly "caused by a Brown Recluse Spider or alternatively, a

sharp foreign object hidden in the pants." (Pl.'s Compl. at ¶
II). As a result of the injury, plaintiff was hospitalized and
required extensive medical treatment.

On October 1, 2004, plaintiff sued defendant in state court,
alleging that defendant negligently failed to protect him from
the injury he suffered. Plaintiff seeks damages for mental and
physical pain and suffering, medical expenses, lost wages,
disability, and loss of lifestyle. Defendant removed the matter
to this Court on November 23, 2004, invoking the Court's
diversity jurisdiction under 28 U.S.C. § 1332.

Defendant now moves to strike several of plaintiff's
witnesses. Defendant also moves for summary judgment on
plaintiff's claim. Defendant concedes that it has a duty as a
property owner to take reasonable care for the safety of its
patrons, but it argues that protecting plaintiff against the risk
of a brown recluse spider bite is not, as a matter of law, within
the scope of that duty.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine
issues as to any material facts, and the moving party is entitled

to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial.  *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

3

**A.    Motions to Strike**

    **1.    Motion to Strike Expert Report and Testimony of Jamel Sandidge**

Defendant moves to strike the expert report and testimony of Jamel Sandidge, plaintiff's expert who provides information about the prevalence of the brown recluse spider in Louisiana. Defendant contends that the report does not comply with the Court's scheduling order, which requires that expert reports fully set forth "all matters about which [the expert witness] will testify and the basis therefor." (*See* R. Doc. No. 6, Order of 1/13/05). Defendant also contends that Sandidge's report does not comply with Federal Rule of Civil Procedure 26(a)(2)(B), which provides that, "[e]xcept as otherwise stipulated or directed by the court," a party must disclose its expert witnesses along with a written report prepared and signed by the witness that contains:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Defendant's argument that plaintiff has violated Rule 26(a)(2)(B) fails to recognize that the Court

has "otherwise stipulated or directed" that an expert report must merely set forth "all matters about which [the expert witness] will testify and the basis therefor." (*See* R. Doc. No. 6, Order of 1/13/05). The Court in any event finds that Sandidge's expert report complies with the Court's order and with Rule 26(a)(2)(B). Sandidge's report indicates that he will testify about the distribution, habits and behaviors of the brown recluse spider and to his opinion that plaintiff's account of the incident is consistent with that scientific information about the spider.[1] Sandidge's report includes a list of the references he relied on, a summary of the documents he reviewed, and the compensation he will receive for his testimony (*see* Pl.'s Opp. to Def.'s Mot. to Strike, Exs. B, C), and plaintiff has submitted Sandidge's curriculum vitae, which sets forth his qualifications and was inadvertently omitted from the report produced to defendant. (*See id.* at Ex. A). Because Sandidge's report sets forth the matters about which he will testify and the basis for his

---

[1] Defendant objects to any opinion Sandidge might provide as to medical causation of plaintiff's injury. Although Sandidge does state that "[i]nformation put forth with respect to this case seems consistent with the potential of envenomation by the brown recluse spider," Sandidge is apparently referring to the consistency between the facts of this case and the distribution, habits and behaviors of the brown recluse spider, not to a conclusion about medical causation. (*See* Pl.'s Opp. to Def.'s Mot. to Strike, Ex. A). His testimony at trial will be limited accordingly.

testimony, the Court will not strike his expert report and
testimony.

>      2.   **Motion to Strike Plaintiff's Treating Physicians**

Defendant also moves to strike as witnesses Reuben
Chrestman, M.D., Dr. Mark Workman and Dr. George Rupley or, in
the alternative, to limit their testimony, on the ground that
plaintiff has not produced any expert reports prepared by these
witnesses.  Plaintiff asserts that he timely produced the medical
records from his treatment by these doctors and argues that the
physicians will testify as to their diagnosis and treatment of
the plaintiff's injuries.  Plaintiff asserts that these witnesses
are not, therefore, specially retained expert witnesses who must
prepare expert reports.

The Court will not strike plaintiff's treating physicians
based on plaintiff's failure to provide written expert reports.
A treating physician may testify to his opinions about a
plaintiff's injuries if his testimony is based on knowledge
acquired during the course of his treatment of the plaintiff.
Indeed, under an amendment to the Court's standard scheduling and
case management order issued April 11, 2005, written reports are
required only from witnesses who are "retained or specially
employed to provide expert testimony in the case or whose duties
as an employee of the party regularly involve giving expert

testimony."  Local Rules, App.; FED. R. CIV. P. 26(a)(2)(B).  A
written report is therefore not required for a treating physician
whose testimony and opinions derive from information learned
during actual treatment of the patient, rather than from
subsequent evaluation as a specially retained expert.  *See Gray
v. Vastar Offshore, Inc.*, No. Civ.A. 04-1162, 2005 WL 399396, at
*1 (E.D. La. Feb. 14, 2005).  The Court denies defendant's motion
to strike plaintiff's treating physicians, but plaintiff's
treating physicians may testify only about the actual treatment
they rendered to plaintiff and opinions derived directly
therefrom.

    **B.   Motion for Summary Judgment**

    Defendant also moves for summary judgment on the ground
that, under Louisiana law, plaintiff cannot establish that
defendant's duty to take reasonable care for the safety of
patrons of its store encompassed the risk that plaintiff would be
bitten by a brown recluse spider.[2]  Under Louisiana law, courts
apply a duty-risk analysis to determine liability for negligence.

---

    [2] Although plaintiff's complaint alleges that he was either
bitten by a spider or pierced by a foreign object such as a pin,
both parties' briefs address only the spider bite issue.
Plaintiff appears to have abandoned the allegation that his
injury was caused by a pin, as he testified unequivocally that he
was bitten by something that looked like a spider.  (*See* Def.'s
Mot. Summ. J., Ex. B. at 17).

A plaintiff must show that: "(1) the conduct in question was the cause-in-fact of the resulting harm; (2) defendant owed a duty of care to plaintiff; (3) the requisite duty was breached by the defendant; [and] (4) the risk of harm was within the scope of protection afforded by the duty breached." *Peterson v. Gibraltar Savings & Loan*, 733 So.2d 1198, 1203-04 (La. 1999) (citing numerous cases); *Posecai v. Wal-Mart Stores, Inc.*, 752 So.2d 762, 765 (La. 1999). The existence of a duty is a question of law, as is the question of whether a specific risk is included within the scope the duty owed. *Ellison v. Conoco, Inc.*, 950 F.2d 1196, 1196 (5th Cir. 1992). Nevertheless, "[t]here is no 'rule' for determining the scope of the duty." *Roberts v. Benoit*, 605 So.2d 1032, 1045 (La. 1991). That inquiry requires consideration of the facts of each case, and summary judgment is therefore proper "only where no duty exists as a matter of law and no factual or credibility disputes exist." *Parish v. L.M. Daigle Oil Co.*, 742 So.2d 18, 25 (La. Ct. App. 1999).

Business owners like defendant have a duty "to keep the property in a reasonably safe condition and [to] discover any unreasonably dangerous condition on the premises and either correct that condition or warn potential victims of its existence." *Bradford v. Louisiana Downs*, 606 So.2d 1370, 1374 (La. Ct. App. 1992). Thus, business places owe a duty to take

8

reasonable care for the safety of their patrons, but they are not insurers of the customers' safety. *Peterson*, 733 So.2d at 1204. To prove that a specific risk was within the scope of this general duty, a plaintiff must show that the defendant "knew or should have known of an unreasonable risk of harm posed by the property." *Bradford*, 606 So.2d at 1375. This foreseeability inquiry is necessarily dependent on the facts of the case. *Parish*, 742 So.2d at 25.

Defendant argues that plaintiff cannot show, as a matter of law, that protecting plaintiff against the risk of being bitten by a brown recluse spider is within defendant's duty to take reasonable care for its customers' safety. Defendant relies on *Bradford v. Louisiana Downs*, in which the Louisiana Court of Appeal affirmed a grant of summary judgment for the defendant because plaintiff failed to show that the defendant knew or should have known of the risk that patrons in its parking lot might be bitten by a copperhead snake. 606 So.2d at 1375. The court concluded that the risk of a snake bite was not foreseeable because no one had ever been bitten by a snake in the lot before, and the defendant's employees regularly patrolled the lot without ever seeing a snake. *Id*. The court rejected plaintiff's argument that the risk of a snake bite was foreseeable because the parking lot was near wooded or swampy areas because plaintiff

submitted no evidence to that effect.  *Id*.  Absent a duty to
protect or warn against the dangers of being bitten by a snake in
the parking lot, the defendant was entitled to summary judgment.
*Id*.

The Court finds that *Bradford* is distinguishable from this
case and that it would be inappropriate to rule that defendant's
duty does not, as a matter of law, encompass the risk that
plaintiff would be bitten by a brown recluse spider in
defendant's store.  To support its argument, defendant has
provided an affidavit from Claire Valentino, who was the store
manager when the incident in question occurred.  Valentino
attests that "[t]here has never been a reported spider bit at the
Dillard's Oakwood Store" and that "[n]o one has ever reported
seeing a brown recluse spider at the Dillard's Oakwood store
prior to or subsequent to the incident in suit." (Def.'s Mot.
Summ. J., Ex. E, Aff. of Claire Valentino at ¶¶ 6, 7).  As
plaintiff points out, however, the affidavit does not show that
Valentino has personal knowledge of those facts, which Federal
Rule of Civil Procedure 56 requires.  *See* FED. R. CIV. P. 56(e)
(requiring affidavits supporting and opposing summary judgment to
be made on personal knowledge, to set forth facts that would be
admissible in evidence, and to show affirmatively that the
affiant is competent to testify to those facts).  Plaintiff

10

asserts that he first learned of Valentino when defendant's
motion was filed and that he has not had a chance to depose her.
Thus, while defendant attempts to provide the same kind of
evidence that the *Bradford* court found sufficient to demonstrate
that a specific risk was not foreseeable and therefore not within
the scope of a defendant's duty, Valentino's affidavit, absent a
foundation for her personal knowledge, cannot indisputably
establish the facts to which she attests.

Further, plaintiff has offered evidence that rebuts
defendant's assertions about the foreseeability of a brown
recluse spider in its store.  Plaintiff submits a report from
Jamel Sandidge, who has a Ph.D. in Ecology and Evolutionary
Biology and a M.A. in Entomology from the University of Kansas.
In his report, Sandidge surveys the literature and studies of the
brown recluse spider, which indicate that brown recluse spiders
are present to some extent in Louisiana and that some specimens
have been reported in New Orleans and Baton Rouge.  (Pl.'s Opp.
to Def.'s Mot. Summ. J., Ex. G).  Sandidge then states that brown
recluse spiders' "natural reclusive behavior makes them ideally
suited for life in human dwellings and they flourish under
favorable conditions." (*Id.*).  Sandidge also states that brown
recluse spiders are "often discovered in packages shipped from
native areas," that they "prefer dark dry undisturbed areas such

11

as attics, basements, garages, warehouses, storage facilities, etc.," and that they "can commonly be found in boxes, shoes and clothing, bath towels, sheets, etc. and primarily bite victims while asleep or when putting on clothing." (*Id.*).

The Court finds that Sandidge's report raises a factual issue as to whether defendant knew or should have known of the risk that a brown recluse spider would be present in its store. Sandidge attests that brown recluse spiders can be found in New Orleans, that they are often present in undisturbed areas such as areas where clothes might be stored, and that they frequently bite victims when putting on clothing, as plaintiff was doing in this case.  Unlike the plaintiff in *Bradford*, who submitted no evidence to support his argument that defendant could foresee that a snake would be in its parking lot because the lot was near wooded or swampy areas, *see* 606 So.2d at 1375, plaintiff in this case has submitted evidence that the pest he asserts bit him is present in New Orleans and more commonly present in the very context in which he alleges his bite occurred.  Further, the Court finds that the factual context in *Bradford*, a snake outside in an open parking lot, is not analogous to that presented by this case, which involves an inside area where defendant invites people to try on clothes.  Given that the scope of a defendant's duty is a fact-specific inquiry, such factual differences between

12

this case and *Bradford* weaken defendant's argument that it is
entitled to judgment as a matter of law.

In addition to Sandidge's report, the record reflects that
defendant has produced a contract with Orkin Exterminating
Company that provides that Orkin will on a monthly basis
exterminate pests, including "occasional invaders including but
not limited to, centipedes, millipedes, spiders, paper wasps and
silver fish." (Def.'s Supp. Mot. Summ. J., Ex. F).  The Court
notes that the locations covered by the contract are listed in
Attachment A to the contract, which is not in the record.  (*See
id.*).  Thus, neither the contract nor the affidavit relating to
the contract indicates that the contract covers the store at
issue in this case.  To the extent that this contract
nevertheless weighs in the determination of whether the risk of
the presence of a brown recluse spider in defendant's store is
within the scope of defendant's duty to take reasonable
precautions for the safety of its customers, it weighs in
plaintiff's favor, because it indicates that defendant thought it
foreseeable that spiders would be present in its store.  Although
the contract may also be evidence that defendant acted reasonably
in protecting against that risk, defendant's motion is directed
solely at the issue of the existence, *vel non*, of a duty in these
circumstances, not whether there was a breach of duty.

13

Defendant relies on three cases from outside Louisiana to support its argument that it is entitled to summary judgment. One case, *Flippo v. Mode O'Day Frock Shops of Hollywood*, although factually similar, does not provide any support for defendant's argument that the risk of a brown recluse spider bite is not within the scope of its duty, because the negligence claim in that case went to the jury and was not resolved on summary judgment. 449 S.W.2d 692, 692-93 (Ark. 1970). The second case, *Rodgers v. La Quinta Motor Inn*, held that a business does not have a duty to protect against bites from harmful insects when: (1) it is not generally known that the specific insect is indigenous to the area; (2) the business does not know that a specific harmful insect is prevalent in the area where it is located; (3) the business has never seen the specific type of harmful insect inside the business; and (4) neither the business nor the injured guest has seen the specific insect that bit the guest either before or after the bite occurred. 873 S.W.2d 551, 552 (Ark. 1994). The court in *Rodgers* granted the defendant motel's motion for summary judgment because plaintiff failed to present evidence on any these factors. *See id.* Here, however, plaintiff has submitted evidence that raises a genuine issue of material fact as to whether it is generally known that the brown recluse spider is indigenous to New Orleans. Further,

14

defendant's procurement of a pest-control contract that includes spiders suggests that it knows that spiders may be present in its store.  The third case defendant cites, *Wilbanks v. Hartselle Hosp., Inc.*, affirmed a grant of summary judgment in defendant's favor when plaintiff alleged that she was bitten by a brown recluse spider in defendant's hospital because the hospital was "a clean, modern, well-lit facility, which brown recluse spiders would not be likely to inhabit."  334 So.2d 870, 872 (Ala. 1976).  Here, however, the record contains evidence that raises a genuine issue of material fact as to whether brown recluse spiders would be likely to inhabit defendant's store, particularly the clothing inside the store.  Because the question of whether a specific risk is within the scope of the defendant's duty requires consideration of the particular facts of each case, and because the evidence in the record raises factual issues about the foreseeability of the risk that a brown recluse spider would be present in defendant's store, summary judgment is not warranted in this case.

**IV. CONCLUSION**

For the foregoing reasons, defendant's motions to strike plaintiff's witnesses are DENIED.  Defendant's motion for summary judgment is also DENIED.

15

New Orleans, Louisiana, this __19th__ day of August, 2005.


_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE