UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
BO KNORR                              CIVIL ACTION

VERSUS                                NO. 04-3208

DILLARD'S STORE SERVICES, INC.        SECTION "R" (2)
AND ABC INSURANCE COMPANY
```

### ORDER AND REASONS

Before the Court is a motion by defendant Dillard's to reconsider the Court's Order and Reasons dated October 27, 2006 denying its motion for summary judgment as untimely. Dillard's asserts that there are conflicting orders in the record as to whether it received an extension of deadlines and was entitled to have its motion for summary judgment heard on November 1, 2006. The Court acknowledges that it overlooked that Dillard's had obtained an extension to file a summary judgment motion to be heard on November 1, 2006. However, Dillard's errs in calling the Court's October 25 and October 27 Orders contradictory. Dillard's ignores the fact that the October 25 Order granted an

extension of pretrial hearing deadlines to November 1,[1] but did not alter the requirement under Local Rule 7.2E that pretrial motions must be filed not later than the fifteenth day preceding the notice hearing date.  As Dillard's asked for a summary judgment hearing on November 1, 2006, it was required to file its motion no later than October 16, 2006.  Orkin, which initially filed the motion for extension of deadlines that Dillard's sought to join, filed its motion for summary judgment on October 16, 2006.  Dillard's on the other hand submitted an incomplete motion for summary judgment on October 18, 2006, and did not supplement that filing with a statement of uncontested material facts until October 23, 2006, barely a week before the date on which its motion for summary judgment was set for hearing.  Dillard's did not receive leave from the Court to file its motion for summary judgment after the October 16, 2006 deadline.

    At no point during this period of time did Dillard's file any explanation with the Court as to the "good cause" it had for filing its motion late, even though Dillard's had previously filed a summary judgment motion more than a year before in this matter.  It was not until November 3, through this Revised Motion for Reconsideration, that Dillard's attempted to make any showing

---

[1] The original Scheduling Order in this case set October 18, 2006 as the last date to hear pretrial motions.

of good cause.  Dillard's now represents to the Court that it did not possess Orkin's discovery responses until October 17, 2006.  Putting aside that the relevance of these discovery responses to the proposed summary judgment motion is by no means apparent, Orkin certified that it sent these discovery responses to all counsel of record on September 8, 2006.  Dillard's had at the very least about a month before the *initial* pretrial motions deadline to obtain discovery materials from its co-defendant in this case.  Furthermore, Dillard's provides no evidence in this motion indicating it was frustrated in its efforts to obtain these materials before October 17, 2006.  Moreover, Dillard's did not propound discovery to Orkin since July 2005.  As such, even if the Court considered the merits of the motion for reconsideration, Dillard's still has not provided good cause.

The Court sets deadlines to ensure the orderliness and fairness of its pretrial procedures and to allow the Court to have the necessary time before trial to adequately and thoroughly weigh the merits of all pretrial motions such that no party is prejudiced by a condensed timeframe.  When parties seek to have dispositive motions heard after missed deadlines, it not only interferes with the case at hand, it negatively impacts other cases on the Court's docket.  This is why the Local Rules and the Scheduling Order explicitly state that the Court will not hear a

pretrial motion not filed 15 days before the noticed hearing date without a showing of good cause.  Because Dillard's has both missed the deadline and again failed to provide good cause, the Court DENIES Dillard's Revised Motion for Reconsideration.

New Orleans, Louisiana, this __14th__ day of November, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE