UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


BO KNORR                                              CIVIL ACTION

VERSUS                                                NO: 04-3208

DILLARD'S STORE SERVICES,                             SECTION: "R"(2)
INC. AND ABC INSURANCE
COMPANY


### ORDER AND REASONS

Defendant Orkin, Inc. moves for summary judgment dismissing plaintiff Bo Knorr's claims against it.  For the following reasons, the Court DENIES defendant's motion.


I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On October 4, 2003, plaintiff Bo Knorr was shopping in Dillard's store in the Oakwood Shopping Center in Gretna, Louisiana.  As plaintiff tried on a pair of pants in Dillard's dressing room, he felt a sharp pain in his left leg that was allegedly "caused by a Brown Recluse Spider or alternatively, a sharp foreign object hidden in the pants."  (R. Doc. 1, at 8). As a result of the injury, plaintiff was hospitalized and

required extensive medical treatment.

On October 1, 2004, plaintiff sued Dillard's in state court, alleging that Dillard's negligently failed to protect him from the injury he suffered. Plaintiff sought damages for mental and physical pain and suffering, medical expenses, lost wages, disability, and loss of lifestyle. Dillard's removed the matter to this Court on November 23, 2004, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. On February 8, 2006, plaintiff was granted leave to amend his complaint and reopen discovery as to a new defendant, Orkin Inc. Plaintiff alleged that Orkin, which was under a pest control contract with Dillard's, negligently failed to protect the premises from spiders. Orkin now moves for summary judgment on plaintiff's claims against it.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court

must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

## III. DISCUSSION

Defendant Orkin moves for summary judgment on the ground

that, under Louisiana law, plaintiff cannot establish that Orkin engaged in any act or omission that caused the spider to end up in plaintiff's jeans. Under Louisiana law, courts apply a duty-risk analysis to determine liability for negligence. A plaintiff must show that: "(1) the conduct in question was the cause-in-fact of the resulting harm; (2) defendant owed a duty of care to plaintiff; (3) the requisite duty was breached by the defendant; [and] (4) the risk of harm was within the scope of protection afforded by the duty breached." *Peterson v. Gibraltar Savings & Loan*, 733 So.2d 1198, 1203-04 (La. 1999) (citing numerous cases); *Posecai v. Wal-Mart Stores, Inc.*, 752 So.2d 762, 765 (La. 1999). Orkin apparently does not dispute that it owed a duty to plaintiff, but contends that plaintiff has set forth no evidence showing that Orkin's actions could have been the cause-in-fact of plaintiff's injuries.

The Court finds otherwise. Through the terms of Orkin's pest control contract with Dillard's, its discovery responses, plaintiff's contemporaneous complaint of the spider bite, and the testimony of plaintiff's expert witness, plaintiff can point to enough evidence to show that a genuine issue of material fact exists as to whether Orkin's acts or omissions were the cause-in-fact of plaintiff's injuries. Plaintiff's theory of the case as to Orkin, essentially, is that Orkin failed to properly inspect

and/or treat areas within the Dillard's Oakwood store, and as a result, plaintiff encountered a brown recluse spider while in the Dillard's dressing room. The terms of defendant's contract with Dillard's establish that Orkin clearly had a duty to keep the store free of spiders through careful evaluation and inspection of customer areas on a monthly basis. First, spiders were specifically covered under the scope of Orkin's service as to the Dillard's Oakwood store. (R. Doc. 71-2, at 12). Second, the contract states:

> All customer areas will be inspected each month. Although these areas do not usually involve food (unless packaged) and, therefore, are not conducive to extensive pest activity, they are important because of the intensive people traffic in these areas. A pest present in your customer area is more likely to be seen, which is unacceptable to you and your clients. Therefore, we take great care in evaluating and inspecting these busy areas.

(*Id.* at 10). That plaintiff was bitten in one of the dressing rooms, undoubtedly a customer area as that term is used in this contract, shows that plaintiff was squarely within the ambit of Orkin's protection and injured by a risk that was within Orkin's scope of duty.

Plaintiff further presents the testimony of Jamel Sandidge, who has a Ph.D. in Ecology and Evolutionary Biology and a M.A. in Entomology from the University of Kansas, and who has filed an expert report in this case on the prevalence of the brown recluse

5

spider in Louisiana. Sandidge states in his report that brown recluse spiders are "often discovered in packages shipped from native areas," that they "prefer dark dry undisturbed areas such as attics, basements, garages, warehouses, storage facilities, etc.," and that they "can commonly be found in boxes, shoes, and clothing, bath towels, sheets, etc. and primarily bite victims while asleep or when putting on clothing." (*Id.* at 30-31). This evidence further supports the inference that the areas in Dillard's store that Orkin was to protect from spiders were susceptible to brown recluse spiders and that Orkin should have known this. Sandidge additionally testified in his deposition that, based on his research and experience, large pest control companies such as Orkin do not spend enough time at each location they service in order to properly treat for brown recluse spiders. (*Id.* at 37). Orkin does not rebut this testimony, but instead asserts that it is inadmissible because the testimony goes beyond the scope of Sandidge's expert report. While it is true that Sandidge's opinion on Orkin's treatment practices goes beyond what was addressed in his report, it cannot be said that permitting Sandidge's testimony to this end would contravene the underlying purpose of Rule 26 to prevent prejudice and surprise. See *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994) (noting "the Rule's basic purpose of preventing prejudice

and surprise"). Sandidge's deposition was taken July 15, 2005. (R. Doc. 71, at 34). Although Orkin did not become a party to this lawsuit until early 2006, it nevertheless should have had ample opportunity to review this testimony during the discovery period, and to prepare to meet it.

Moreover, in its answers to plaintiff's interrogatories, Orkin concedes that it was unaware of plaintiff's spider bite until June 27, 2005, more than a year and a half after the incident, and only then because of actions taken as part of this lawsuit. (*Id.* at 15). However, it is uncontested that plaintiff filled out an accident report shortly after the incident. (R. Doc. 71-1, at 11; R. Doc. 65-5, at 72). Given that Orkin pledges in its contract to implement a "continuous monitoring program" and states that its inspection process involves "inquiries to employees as to any pest sightings," the Court finds that Orkin's lack of knowledge as to plaintiff's incident until the initiation of this lawsuit creates an issue as to whether Orkin was providing proper monthly service visits. (R. Doc. 71-2, at 4; R. Doc. 65-4, at 3).

In the face of plaintiff's evidence, Orkin relies on the terms of the Pest Control Service Agreement that it entered into with co-defendant Dillard's on December 14, 1989, which was still in effect through the time of plaintiff's incident. (R. Doc. 65-

5, at 45). Specifically, Orkin argues that, under its agreement with Dillard's, it performed on a "regular basis" at the Oakwood store monthly inspections and "treatment in accordance with the scope of service set forth in the national contract." (R. Doc. 65-3, at 4). That Orkin's standard contract language states that it will provide monthly service is not evidence without more that it did in fact provide monthly service. Notably, in its answers to plaintiff's interrogatories, Orkin states that it made an examination or inspection of the Dillard's store during this time period "upon information and belief." (*Id.* at 16). However, Orkin later states that the service tickets that document each visit to the store were destroyed by Hurricane Katrina, so it cannot provide any documentation of visits to the Dillard's store within the 90 days preceding the incident. (*Id.* at 17). Orkin also states that its service technician responsible for the Dillard's contract at the time of the incident is a member of the United States military and was deployed to Iraq before Katrina. (*Id.*). It further states that specifics as to treatment are therefore "unavailable." (*Id.*) Thus, the evidentiary basis for Orkin's assertions that it fulfilled the conditions of its contract with Dillard's is not its own receipts or employees. Although Orkin also points to statements made by Dillard's employees that they observed Orkin's technicians spraying the

store, which one of them described as "religiously," this testimony does not establish that the technicians came each month. Nor does it establish the date that Orkin had most recently serviced the Dillard's store before the incident, or the quality of its treatment protocol. (See R. Doc. 65-5, at 62, 67, 70).

When viewed as a whole, the evidence presented by plaintiff is sufficient to satisfy its burden under the summary judgment standard as the nonmoving party who ultimately bears the burden of proof at trial. As the Court cannot find that there are no genuine issues of material fact, such that it can rule in Orkin's favor as a matter of law, summary judgment as to plaintiff's claims against Orkin is improper.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, this 16th day of November, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE